UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

IDEARC MEDIA f/k/a IDEARC MEDIA
CORP. f/k/a VERIZON DIRECTORIES
CORP.,

        Plaintiff,

        - against -

ALEX FIGLIOLIA CONTRACTING CORP.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MEMORANDUM AND
ORDER ADOPTING IN
PART REPORT AND
<u>RECOMMENDATION</u>
09-CV-4628 (JG)(ALC)

JOHN GLEESON, United States District Judge:

        This matter arises from a motion by the plaintiff, Idearc Media ("Idearc"), for entry of default judgment against defendant Alex Figliolia Contracting Corp. ("Figliolia"). On April 27, 2010, I referred the motion in its entirety to Magistrate Judge Andrew L. Carter, who has since issued a Report and Recommendation (the "Report"). Defendant does not oppose the Report; plaintiff opposes only the Report's damages calculation.

        I hereby adopt the Report and Recommendation issued by Magistrate Judge Carter on March 30, 2011 (Docket No. 20) (the "Report"), except for the Report's recommendation that I deny Idearc's motion for damages or, in the alternative, that I award damages in a smaller amount as discussed below. I agree with Idearc that its method of allocating Figliolia's payments was proper, and therefore adopt the calculation of damages proposed by Idearc (Objection to the Report and Recommendation, Docket No. 21 ("Opp.")). I

respectfully refer the calculation of costs and attorney fees to Magistrate Judge Carter. Familiarity with the facts of the case and the contents of the Report is assumed.

A. *Allocation of Funds*

In the Report, Judge Carter determined that Idearc had improperly allocated lump sum payments by Figliolia and had therefore incorrectly calculated its damages allegation (Report at 5-6.) He recommended that I either require Idearc to justify its allocation of the lump sum payments or grant damages in the amount of $361,113.46 plus interest, costs, and attorney fees. Idearc filed an objection to the Report arguing that a creditor may apply undesignated payments from a debtor as it sees fit, and asking me to award damages in the full requested amount of $949,311.81. For the following reasons I adopt the damages calculation provided by Idearc and award it $920,601.81; the calculation of costs and attorney fees I respectfully refer to Magistrate Judge Carter.

Figliolia, a construction company, purchased advertising services from Idearc from at least 2001 through 2009. In 2006, when Figliolia and Idearc signed the first of several contracts on which this action is based (the "current contracts"), Figliolia's payments to Idearc were already in arrears by approximately $220,000. In August of 2006 Idearc initiated collection activities. Thereafter, pursuant to an agreed payment arrangement, Figliolia sent lump sum payments to Idearc approximately every week from February 2007 until September 2008. Some of the payments bore the legend "Advance Payments," and were allocated by Idearc to the current contract. The majority of the payments, however, bore no instructions at all (the "disputed payments"). Rather than apply the disputed payments directly to the current contracts, Idearc allocated those amounts first to Figliolia's outstanding debt from earlier contracts, and then applied whatever money was left over to the amount due on the current contracts.

Under New York law, "when a debtor owes multiple obligations to a creditor, and the debtor makes a payment, the debtor has the initial right to specify which obligation he wishes the payment to be applied to." *MBT Bank v. Fed. Armored Exp., Inc.*, 949 F. Supp. 226, 229 (S.D.N.Y. 1997) (*rev'd on other grounds*, 175 F.3d 283 (2d Cir. 1999)). However, "absent a direction by the debtor, the creditor may apply a voluntary payment by the debtor as it sees fit and to its best advantage." *Comparato v. Wegman*, 708 N.Y.S.2d 220, 221 (N.Y. App. Div. 2000) (citation and punctuation omitted); *see also Walther v. Bank of N.Y.*, 772 F. Supp. 754, 762 (S.D.N.Y. 1991) ("[W]hen a debtor has multiple debts to a creditor, some of which are guarantied, the creditor may apply the debtor's voluntary payments to those debts which are not guarantied."); *Wilcox Press v. John-Sandy*, 627 N.Y.S.2d 842 (N.Y. App. Div. 1995) (where debtor sent undesignated payments to creditor, creditor was entitled to allocate payments to older debt rather than current contract). Further, where a creditor applies a debtor's payments to outstanding debts, the creditor may then sue for the entire remaining amount on the current debt, even if the creditor could have mitigated its damages by allocating the debtor's payments to the current debt rather than the outstanding debt. *See Boynton v. Law Offices of Burr & Reid L.L.P.*, 742 N.Y.S.2d 713, 714 (N.Y. App. Div. 2002) (rejecting defense of payment where "[creditor's] application of some of [debtor's unallocated] payments to open accounts other than those accounts referred to [collection] . . . resulted in the outstanding balance on the accounts referred to [collection].").

There is no evidence that Figliolia ever instructed Idearc to apply the disputed payments to its current contract; indeed, that Figliolia designated other payments as "Advance Payments" suggests the contrary. *See* Opp. at 11. Further, Figliolia never protested the allocation of the disputed payments to its older debt, although it knew of the allocation for

approximately two and a half years. *See id.* at 12. Idearc was therefore entitled to apply Figliolia's undesignated payments to the outstanding debt. Figliolia could have avoided the situation merely by designating all of its payments to its current contract. Idearc should not be penalized for exercising its right to apply undesignated payments as it deemed appropriate. Damages are awarded in the amount of $920,601.81, consisting of outstanding advertising fees in the amount of $749,056.20 and late charges in the amount of $171,545.61.

## CONCLUSION

The Report is adopted as to liability; damages are awarded in the amount of 920,601.81; and the calculation of costs and attorney fees is respectfully referred to Magistrate Judge Carter. The Clerk is respectfully directed to enter judgment accordingly.

So ordered.

JOHN GLEESON, U.S.D.J.

Dated: June 16, 2011
      Brooklyn, New York